UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**JEFFERY WILLIAMS,**           **CASE NO.:**

    Plaintiff,

v.

**WAL-MART ASSOCIATES, INC.,**

    Defendant.

_____/

## COMPLAINT

Plaintiff, JEFFERY WILLIAMS, sues Defendant, WAL-MART ASSOCIATES, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §§12101 et seq.; and 42 U.S.C. §1981a. This is also an action brought pursuant to the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of costs and interests, and for prospective injunctive relief. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, JEFFERY WILLIAMS, has been a resident of the State of Georgia and was employed by Defendant. Plaintiff is a member of

a protected class because associated with a disabled individual, specifically his father, who is now deceased.  Moreover, Plaintiff is a member of a protected class because he sought to use leave under the FMLA, and because he reported unlawful employment practices and was subject to retaliation thereafter.

4.	At all times pertinent hereto, Defendant, WAL-MART ASSOCIATES, INC., has been operating within the jurisdiction of this Court. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.	Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission, has received a right-to-sue letter on some claims, and is awaiting issuance of a second right-to-sue letter on others, but is asserting all claims herein because the facts underlying all claims have already occurred. This action is timely filed.

## STATEMENT OF THE ULTIMATE FACTS

6.	Plaintiff, a black American-born male, was employed by Defendant.  During the course of his employment, he provided attendant care to his gravely-ill father.  His father's illness was well-known to those around him in the workplace, including supervisors and managers over him; Plaintiff openly disclosed his father's medical situation and Plaintiff's obligation and decision to provide care for his father.  On or about May 30, 2019, Plaintiff had to leave the job in order to provide care for his father, including transport to a hospital emergency room for immediate care.   Within days, Plaintiff was fired.  His known need for or request for,

2

and/or use of, FMLA leave, and/or his association with a disabled person, were factors in his firing, in violation of the laws set forth herein. Plaintiff voiced opposition to Defendant's unlawful employment practices and his firing was thus also based in part on Defendant's retaliation against him for his opposition.

7. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I

## ASSOCIATIONAL DISCRIMINATION – DISABILITY-BASED

8. Paragraphs 1 through 7 are re-alleged and incorporated herein by reference.

9. This is an action against Defendant for disability discrimination brought under 42 U.S.C. §§12101 et seq.

10. Plaintiff was the victim of discrimination on the basis of his association with his father, who was disabled and subsequently passed away.

11. Defendant is liable for the differential treatment of Plaintiff, which adversely affected the terms and conditions of his employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

12. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were association-based pertaining to Plaintiff's association with his father, in violation of the laws set forth herein.

13. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

14. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon his association with his father.

15. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past and are continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT II
## RETALIATION

16. Paragraphs 1 through 7 are re-alleged and incorporated herein by reference.

17. Defendant is an employer as that term is used under the applicable statutes referenced above.

18. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under the anti-retaliation provisions applicable to the Americans with Disabilities Act.

19. The foregoing unlawful actions by Defendant were purposeful.

20. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

21. Plaintiff is a member of a protected class because Plaintiff reported unlawful

employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

22. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

23. Paragraphs 1-7 are re-alleged and are incorporated herein by reference.

24. This is an action against Defendant for (a) harassing Plaintiff due to his placing Defendant on notice of his need for leave covered by the FMLA, (b) his use of FMLA leave, and (c) because Defendant fired him for taking time off that was authorized by and protected under the FMLA. This is thus an interference and retaliation claim.

25. Defendant harassed Plaintiff and took adverse personnel actions against him for using leave.

26. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after taking protected leave.

27. Defendant's violations of the FMLA were willful.

28. Plaintiff has retained the undersigned to represent him in this cause and is obligated to pay him a reasonable fee for her services.

29. As a direct and proximate result of Defendant's willful, wanton, and malicious

acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future. He is entitled to liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and punitive/liquidated damages where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 13th day of December 2019.

                                Respectfully submitted,

                                /s/ Jim Garrity
                                Jim Garrity [FBN 0539211]
                                MARIE A. MATTOX, P. A.
                                310 East Bradford Road
                                Tallahassee, FL 32303
                                Telephone: (850) 383-4800
                                Facsimile: (850) 383-4801

                                ATTORNEYS FOR PLAINTIFF